510 P.2d 1060

Roscoe Hal FISHER, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

Arizona Corporation Commission,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

No. I CA–IC 799.

Court of Appeals of Arizona,
Division 1,

Department A.

June 12, 1973.

Morgan & Jerome by D. A. Jerome and Richard A. Gibson, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund by R. Kent Klein, Phoenix, for respondent employer and respondent carrier.

STEVENS, Judge.

On 15 January 1970, just prior to his 53rd birthday, Roscoe Hal Fisher, the petitioner, while in the course of his employment with the Arizona Corporation Commission, sustained an industrial injury. Causally related to the accident he sustained a detached retina in his right eye. This condition was surgically repaired four separate times. The first operation was performed shortly after the date of the accident and the fourth operation was performed in San Francisco on 25 July 1970. The petitioner returned to his employment in October 1970.

The petitioner sustained a residual right eye impairment of 92%, a scheduled disability. He experiences double vision when looking sharply to the left. The left eye was not affected.

The petitioner is a meticulous man who strives for a high degree of perfection in his work. Prior to the accident, and unknown to the petitioner, he had a latent nervous potential. Following the second eye surgery the petitioner experienced many symptoms which the doctors believed to be an aggravation of his latent nervous potential and to be causally related to the surgery. These manifestations increased with additional surgery.

Eventually this claim came on for a hearing which was held in two install-

ments, the first on 29 November 1971 and the second on 9 December 1971. Prior to the hearing the chief concern of his doctors was the petitioner's nervous problems, their duration and the termination date of the temporary aggravation of his latent nervous potential.

The last doctors he saw in this regard were Richard E. H. Duisberg, M.D., and Karl E. Voldeng, M.D. His last medical consultation prior to the hearing was with Dr. Voldeng on 6 November 1971. Dr. Voldeng testified, in part, as follows:

"Q. Dr. Duisberg returned Mr. Fisher to your care, is that correct?

"A. I think he asked him to see me once or twice again. There again, I think both of us feel that he has recovered to the point where we probably aren't necessary.

"Q. Are you saying then, Doctor, you feel that he would be at the present time discharged from further medical care?

"A. I think I stated to Mr. Fisher at the last office visit that if he wanted to just come in for a little moral support a couple of times, fine. Whether the Commission okayed it or not, that would be beside the point because we could take care of that, but I think perhaps he may need a little more recharge on his sense of security occasionally.

\* \* \* \* \* \*

"Q. Doctor, would you say that this condition as improved as it is, is a permanent disability to him?

"A. Only on the basis that I would certainly assume that he will always have a fear, a little basic fear that this retinal detachment might recur.

"Q. Would this be a permanent disability?

"A. I don't think so. He is on the job and working, and I believe he will be able to handle things now."

We quote part of the hearing officer's findings which are contained in his decision and award:

"The medical opinions as to an industrially related temporary anxiety condition are uncontroverted and not in conflict. The only conflict which arises in the medical testimony is as to the extent that the continuation of such condition is related to the industrial episode and not other underlying emotional problems.

\* \* \* \* \* \*

"The applicant is entitled to medical, surgical and hospital benefits and temporary total and/or temporary partial disability benefits from January 15, 1970 through November 6, 1971."

In a Commission review, these were approved.

Throughout the proceedings, prior to the presentation to this Court, the petitioner represented himself. In fact his timely letter was treated by this Court as a petition for a writ of certiorari, a procedure we do not recommend. It was thereafter that counsel entered the case on his behalf.

■■ Counsel for the petitioner strongly urge that in a case where the claim turns upon sophisticated medical testimony, the Commission should have strongly urged the claimant to secure qualified legal assistance. Counsel urge that the eye problem coupled with the aggravation of the petitioner's nervous potential should have resulted in an award of an unscheduled disability.

As we reviewed this record we were satisfied with the objectivity of the questions by the hearing officer. Counsel for the carrier was not technical and we are not aware of questions which he asked which would have been the subject of urgent legal objections. Possibly qualified legal counsel could have made a stronger case for an unscheduled award. The doctors who testified did not appear to have been led into answers which they would not have given under a more vigorous adversary presentation.

The award is affirmed.

DONOFRIO, P. J., and OGG, J., concur.